## <u>AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT</u>

I, Daniel Verhine, submit this affidavit in support of a complaint, charging Robert

MCGEE and Lakenyon THOMPSON with Theft of Firearms from a Federally Licensed

Firearms Dealer in violation of 18 U.S.C. 922(u).

1.      Your affiant, Daniel Verhine, has been employed as a Special Agent with Bureau

of Alcohol, Tobacco, Firearms, and Explosives (ATF) since December 2016. I am currently

assigned to the ATF Nashville Field Division, Memphis Field Office. I am a law enforcement

officer of the United States within the meaning of Title 18, United States Code, Section 2510(7).

I have successfully completed the Criminal Investigator Training program (CITP) as well as the

ATF Special Agent Basic Training program (SABT).  I received this training at the Federal Law

Enforcement Training Center (FLETC) in Glynco, Georgia.

2.      I have been a sworn Law Enforcement Officer since 2009. I was previously

employed as a Police Officer with the Memphis Police Department (MPD) for approximately

eight years.  I earned a Master's degree in Criminal Justice from the University of Memphis. I

earned a Bachelor's degree in Criminology from the University of Memphis as well.

3.      Throughout my law enforcement career, I have participated in and am familiar

with investigations involving violations of federal firearms laws, controlled substances laws,

gang related investigations, as well as other associated violent crimes.  I have been involved in

various types of electronic surveillance, and in the debriefing of defendants, witnesses and

informants.  I am familiar with and have participated in all of the normal methods of

investigation, including, but not limited to visual surveillance, the general questioning of

witnesses, the use of informants, and the execution of search warrants. I am familiar with the

utilization of grand juries and the collection of grand jury witness testimony for subsequent use

DEV

in federal prosecution of defendants. The facts in this affidavit comes from my personal observations, my training and experience, and information obtained from witnesses and other law enforcement investigators.

    4.    This affidavit does not contain all the information discovered during this investigation, but only that believed necessary to provide a legal basis for the offense charged. The information in this affidavit is based upon my personal knowledge, as well as information, knowledge, and observations of civilian witnesses and other law enforcement investigators.

    5.    The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Memphis Field Office, is conducting a criminal investigation involving Robert MCGEE (hereinafter "MCGEE") and Lakenyon THOMPSON (hereinafter "THOMPSON") regarding a violation of federal law, that is Theft of Firearms from a License Dealer in violation of 18 U.S.C. § 922(u).

    6.    On December 9, 2019, Special Agents (SA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) as well as investigators with the Memphis Police Department (MPD) initiated an investigation involving individuals suspected of burglarizing a Federal Firearms Licensee (FFL) known as "The Gun Store," located in Memphis, Tennessee inside the Western District of Tennessee.  It is alleged that MCGEE and THOMPSON participated in the burglary of The Gun Store, where MCGEE and THOMPSON removed several firearms, those being a Canik pistol, Model TP-9SF Elite, 9mm caliber, serial number 18BG01049; Diamondback Arms, rifle, Model DB-15, 5.56 caliber, serial number DB2003671; Sig Sauer pistol, Model P226 Elite, 9mm caliber, serial number 47A021523 from the lawful control and inventory of The Gun Store.  MCGEE and THOMPSON are alleged to have possessed these firearms and carried them to the rooftop during The Gun Store burglary.  Additionally, it is

DEV

alleged MCGEE and THOMPSON discharged firearms during the commission of the burglary of

The Gun Store.

7.     On December 9, 2019, at approximately 5:41am, MPD Police Officers responded

to an alarm call at 6920 Winchester Road, Memphis, TN, the location of The Gun Store business.

Responding MPD Officers observed unknown individual(s) inside of The Gun Store outside of

normal business hours.  These individuals eventually relocated themselves to the rooftop of The

Gun Store's building. MPD generated photographs indicating an exterior Heating, Ventilation,

and Air Conditioning (HVAC) unit suspect(s) displaced revealing a likely point of entry into The

Gun Store's interior.



MPD photograph showing displaced HVAC unit and ladder

DEV

8.     MPD generated additional photographs recording individuals later identified as MCGEE and THOMPSON occupying a position on The Gun Store's rooftop.



MCGEE sitting on left side, THOMPSON laying on the right side

9.      MCGEE's physical clothing description consisted of a black Champion hooded jacket, green undergarment, black athletic pants with light color stripes running vertically along pant leg, and white, grey, black sneakers.

10.     THOMPSON's physical clothing description consisted of a black hooded jacket, green camouflage pants with "HOLLISTER" written along his pant leg, and grey Nike sneakers.

11.     The Gun Store was equipped with a digital video recording (DVR) system and captured various interior and exterior fields of view (FOV) during the burglary of The Gun Store on December 9, 2019.  ATF Agent reviewed security video recording the events surrounding this burglary.  During this video review, ATF Agent identified physical clothing description consistent with the physical appearance of MCGEE and THOMPSON at the time MPD took MCGEE and THOMPSON into custody.  One security camera's FOV displayed MCGEE allegedly armed with a firearm while MCGEE walked outside The Gun Store's entrance.

OEV



MCGEE center frame apparently holding a pistol in left hand

DEV



MCGEE walking in front of The Gun Store (note Champion hooded jacket)

12.     ATF Agent reviewed another security camera's FOV that captured MCGEE and THOMPSON's activities near the northern side of The Gun Store.  In this instance, security camera captured THOMPSON allegedly possessing a firearm, namely a pistol, while walking outside the northern side of The Gun Store.

DEU



THOMPSON standing bottom right of photograph holding apparent pistol, MCGEE standing center right

DEV



Enhanced and enlarged photograph from above photograph of THOMPSON (note camouflage pants with script at right leg and light color object, apparent pistol in THOMPSON's hands)

13.    ATF Agent reviewed additional security camera's FOV recording activities inside

The Gun Store.  ATF Agent observed security video displaying MCGEE and THOMPSON

falling through the ceiling and walking throughout various areas inside this business.  MCGEE

and THOMPSON are observed removing firearms from The Gun Store's display areas and

physically possessing these firearms by the armload.  MCGEE and THOMPSON are observed

DEV

moving these firearms to an interior classroom inside The Gun Store. MCGEE and THOMPSON apparently sought an avenue of escape from the interior confines of The Gun Store.

14.     ATF Agent reviewed security camera video maintaining a FOV of the interior classroom. During this review, MCGEE and THOMPSON are observed apparently discharging firearm(s) towards an apparent lock. ATF Agent and MPD Investigator later determined MCGEE and THOMPSON discharged firearms in an attempt to destroy a lock on an exterior door.



THOMPSON pointing apparent pistol at door with MCGEE standing nearby

DEV



THOMPSON discharged pistol causing sparks, MCGEE standing nearby

DEV



MCGEE discharging pistol at top right screen, THOMPSON is standing nearby

15.    MPD Crime Scene Investigation (CSI) report noted CSI Investigator collected metal fragments; several spent .40 caliber ammunition shell casings; one spent bullet; one broken lock; and two spent 9mm caliber ammunition shell casings from The Gun Store's classroom where security camera video showed MCGEE and THOMPSON discharging firearms.

16.    MPD CSI report noted ATF Agent located a firearm, later identified as a Taurus pistol, 9mm caliber, Model G2C, serial number TLR64053 inside The Gun Store near the employee restroom.  ATF Agent and MPD investigators determined this Taurus pistol, serial number TLR640053 *did not belong* to The Gun Store and *was not listed* within the firearms inventory. As such, it is alleged MCGEE or THOMPSON possessed this firearm before the

burglary of The Gun Store commenced and therefore brought it to the scene of this burglary.
MCGEE or THOMPSON subsequently left it inside The Gun Store as they escaped to the
rooftop.

17.     ATF Agent generated photograph of the Taurus pistol, 9mm caliber, Model G2C,
serial number TLR64053, which was not a part of The Gun Store's inventory, for reference.



Recovered Taurus pistol, serial number TLR64053 (Firearm not part of The Gun Store's inventory)

18.     MPD CSI report noted CSI Investigator observed numerous firearms and other
evidence items on The Gun Store's rooftop. ATF Agent and MPD Investigators recovered and
subsequently identified the following firearms as:  Diamondback rifle, Model DB-15, 5.56

caliber, serial number: DB2003671; Sig Sauer pistol, Model P226, .40 caliber, serial number:

47A021523, and Canik pistol, Model TP 9SF, 9mm caliber, serial number 18BG01049.   At the

time, MPD Investigators recovered the Diamondback rifle, serial number, DB2003671; Canik

pistol, serial number: 18BG01049, and Sig Sauer pistol, serial number 47A021523; MCGEE and

THOMPSON allegedly separated these firearms from The Gun Store's maintained inventory

within the interior control of the owners and/or employees of The Gun Store.

19.     ATF Agent researched the Taurus pistol, serial number TLR64053 and located an

MPD Theft from Motor Vehicle report documenting the theft of this Taurus pistol, serial number

TLR64053 occurring sometime between 11:45pm on December 8, 2019 and 6:00am on

December 9, 2019.  Presumably, the theft of the Taurus pistol, serial number TLR64053 occurred

immediately before the burglary of The Gun Store on December 9, 2019.  Google Maps noted a

linear distance of approximately one mile from the reported location of the Taurus pistol, serial

number TLR64053 theft and the location of The Gun Store.  As stated earlier, MPD Police

Officers responded to an alarm call at The Gun Store at approximately 5:41am.

20.     MPD Officers eventually placed MCGEE and THOMPSON into custody and

transported MCGEE and THOMPSON to a nearby MPD station for interviews.  ATF Agents and

MPD Investigator administered an Advice of Rights form, known as "*Miranda rights*" to

MCGEE and THOMPSON.  Both MCGEE and THOMPSON agreed to speak with ATF Agents

and MPD Investigator.

21.     During the interview with MCGEE, MCGEE provided information MCGEE and

THOMPSON travelled to The Gun Store location on the morning of December 9, 2019.

MCGEE provided information admitting his participation in the burglary of The Gun Store.

When ATF Agents and MPD Investigator asked MCGEE to reveal where MCGEE stayed the

DEV

previous night, MCGEE acknowledged that he was on the roof of The Gun Store. MCGEE gave

information that MCGEE used a ladder to gain access to The Gun Store's rooftop. MCGEE

stated this ladder was located next door to The Gun Store. ATF Agents and MPD Investigators

later determined this ladder was being used in construction work at an unoccupied building unit

immediately adjacent to The Gun Store.

22.     MCGEE provided further information MCGEE gained access through the roof

and fell through the ceiling of The Gun Store. MCGEE advised that MCGEE fell almost straight

down onto the store floor. MCGEE recalled that MCGEE was the second person who gained

interior access during the burglary of The Gun Store. MCGEE provided information that

MCGEE chose to remove firearms from the wall(s) of The Gun Store. MCGEE subsequently

confirmed the firearms hanging on the walls were "long guns." MCGEE recalled he thought that

MCGEE removed approximately four firearms from a wall inside The Gun Store and relocated

to a back room. MCGEE recounted an audible alarm was going off during the commission of

the burglary of The Gun Store.

23.     MCGEE gave information that MCGEE brought a firearm with him prior to the

burglary of The Gun Store. MCGEE thought this firearm might have been an "XD" of unknown

manufacture, possibly grey in color. MCGEE recalled he kept the "XD" firearm in one of his

pockets. ATF Agent knows that firearms manufacturer Springfield Armory manufactures a line

of pistols, which utilize the "XD" model designation and that various models are equipped in a

grey color finish.

24.     MCGEE confirmed to ATF Agents and MPD Investigator that MCGEE

discharged the "XD" firearm at a "big door" during the commission of the burglary of The Gun

Store in an attempt to exit the building.

DEV

25.     ATF Agents and MPD Investigator interviewed THOMPSON as well. THOMPSON provided information about his participation in the burglary of The Gun Store on the morning of December 9, 2019.  THOMPSON provided information stating THOMPSON and MCGEE met up with unknown individuals near The Gun Store and that "we do what we do." THOMPSON gave information that THOMPSON used a ladder to gain access to The Gun Store's rooftop.

26.     An ATF Interstate Nexus Expert established that firearms MCGEE and/or THOMPSON possessed, those being: Canik pistol, Model TP-9SF Elite, 9mm caliber, serial number 18BG01049; Diamondback Arms, rifle, Model DB-15, 5.56 caliber, serial number DB2003671; Sig Sauer pistol, Model P226 Elite, 9mm caliber, serial number 47A021523, and a Taurus pistol, Model G2C, 9mm caliber, serial number TLR64053 were manufactured outside of the state of Tennessee.

27.     Based upon all of the foregoing facts, I submit that probable cause exists showing that Robert MCGEE and Lakenyon THOMPSON committed the offense of Theft of Firearms from a Licensed Dealer in violation of 18 U.S.C. § 922(u)

Respectfully submitted,

Daniel Verhine, Special Agent
Bureau of Alcohol, Tobacco, Firearms
and Explosives

Pursuant to Federal Rule of Criminal Procedure 41(d)(3), the undersigned judicial officer has on this date considered information communicated by [ ] telephone or [  ] other reliable electronic means or [X] both, in reviewing and deciding whether to issue a search warrant. In doing so, this judicial officer has placed the affiant under oath and has confirmed by speaking personally with the affiant on the telephone [X] that the signatures on the search warrant application and affidavit are those of the affiant or [ ] that the affiant has authorized the placement of the affiant's signatures on the application and affidavit, the documents received by the judicial officer are a correct and complete copy of the documents submitted by the affiant, and the information contained in the search warrant application and affidavit are true and correct to the best of the affiant's knowledge.

Sworn to and subscribed before me by telephone this 30th day of October, 2020.

s/Tu M. Pham

TU M. PHAM
CHIEF UNITED STATES MAGISTRATE JUDGE